IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ROBERT WAGNER, Individually and On Behalf of All Other Similarly Situated Persons,

    Plaintiff,

v.

PETCO ANIMAL SUPPLIES, INC., PETCO ANIMAL SUPPLIES STORES, INC., and PETCO HOLDINGS, INC. LLC,

    Defendants.

## CLASS ACTION COMPLAINT

Plaintiff Robert Wagner, individually and on behalf of all other similarly situated persons ("Plaintiff"), by and through undersigned counsel, files this *Class Action Complaint* against Petco Animal Supplies, Inc., Petco Animal Supplies Stores, Inc., and Petco Holdings, Inc. LLC ("Defendants" or "Petco"), and alleges as follows:

## STATEMENT OF THE CASE

1.    Plaintiff brings this action on his own behalf and on behalf of all other similarly situated current and former Assistant Managers employed within the State of Colorado by Defendants (the "Class" or "Class Members"), under The Colorado Wage Claim Act, C.R.S.A. § 8-4-101 *et seq.*, The Colorado Minimum Wage Act, C.R.S.A. § 8-6-101 *et seq.*, and applicable state rules and regulations.

## PARTIES

2.    Plaintiff is an adult individual residing in Colorado Springs, Colorado.

Defendants employed Plaintiff and Class Members as Assistant Managers.

3. Plaintiff was employed with Petco from February 1996 through June 2015; he became an Assistant Manager in or around 2003.

4. Defendants are Delaware corporations, with their principal place of business at 10850 Via Frontera, San Diego, California. According to its website, Petco Animal Supplies Stores, Inc. is a privately held company with more than 1,150 specialty retail stores nationwide, selling pet food, live animals, pet supplies and related goods and services, including numerous stores within the State of Colorado.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the Parties are citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has jurisdiction over the claims of the Class Members under 28 U.S.C. § 1332(a) and/or 28 U.S.C. § 1367.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2)(A). This is a class action lawsuit, the parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. At least one member of the proposed class is a citizen of a state different from that of Defendants.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this District. The principal injuries resulting from the Defendants' alleged unlawful conduct were suffered in the State of Colorado.

**GENERAL FACTUAL ALLEGATIONS**

8. At all relevant times, Plaintiff and Class Members were employed as Assistant Managers for Defendants. Plaintiff's and Class Members' work was performed for the benefit of the Defendants in the normal course of the Defendants' business, and was integrated into the business of the Defendants.

9. The work performed by Plaintiff and Class Members required little skill and no capital investment; their primary duties did not include managerial responsibilities or the exercise of independent judgment. Rather, their work involved many insignificant duties and duties identical to most non-exempt hourly associates, non-exempt hourly cashiers, and non-exempt hourly stock clerks.

10. To avoid paying some of their workers their earned wages, Defendants titled some employees "Assistant Managers" to create the impression that these employees were executives, exempt from overtime pay requirements under Colorado law. However, these purported exempt "Assistant Managers", including Plaintiff and Class Members, performed few or no managerial duties.

11. Plaintiff and Class Members regularly worked more than 40 hours per week; nevertheless, Defendants willfully failed to pay them for all hours worked, and failed to pay overtime compensation in the amount of one and one-half times their regular hourly rate.

12. During Plaintiff's and Class Members' employment, Defendants failed to maintain accurate and sufficient time records.

**CLASS ACTION ALLEGATIONS**

13. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23,

on his own behalf and on behalf of the Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL SIMILARLY SITUATED CURRENT AND FORMER ASSISTANT MANAGERS EMPLOYED BY PETCO WITHIN THE STATE OF COLORADO WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED.

14. This action is properly brought as a class action for the following reasons:

    a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds one-hundred.

    b. Numerous questions of law and fact regarding the liability of Petco are common to the Class and predominate over any individual issues which may exist.

    c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Petco's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq.*)**

15.     Plaintiff incorporates by reference all of the above paragraphs.

16.     At all relevant times, Petco has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

17.     At all relevant times, Petco has employed, and continues to employ, "employees", including Plaintiff and the Class, within the meaning of the Wage Claim Act.

18.     Plaintiff was an employee of Petco within the meaning of the Wage Claim Act.

19.     As a result of the foregoing conduct, as alleged, Petco has failed to pay wages due under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, Wage Claim Act, the Minimum Wage Act, and all applicable rules and regulations, thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20.     As a result, Plaintiff has been damaged in an amount to be determined at trial.  Plaintiff hereby demands payment on his own behalf and on behalf of all Class Members in an amount sufficient to provide compensation for all overtime hours worked.  This demand for payment is continuing and is made on behalf of any current Petco employees whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed addresses.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq.*)**

21.     Plaintiff incorporates by reference all of the above paragraphs.

22.     At all relevant times, Petco has been, and continues to be, an "employer"

within the meaning of the Colorado Minimum Wage Act.

23. At all relevant times, Petco has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

24. Plaintiff was an employee of Petco within the meaning of the Minimum Wage Act.

25. As a result of the foregoing conduct, as alleged, Petco has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## **JURY DEMAND**

27. Plaintiff demands a trial by jury on all issues so triable.

## **DOCUMENT PRESERVATION**

28. As part of discovery, Plaintiff will be requesting certain documents and information from Petco. Please note the document preservation instructions attached hereto.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and Class Members and against Petco as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of January, 2017.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado  80524
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Seth R. Lesser
Fran L. Rudich
Michael H. Reed
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile:  (914) 934-9220
Seth@KlafterOlsen.com
Fran@KlafterOlsen.com
Michael.Reed@KlafterOlsen.com

Marc S. Hepworth
David A. Roth
Charles Gershbaum
Rebecca S. Predovan
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile:  (212) 532-3801
mhepworth@hgrlawyers.com
droth@rothandrothlaw.com
cgershbaum@hgrlawyers.com
rpredovan@hgrlawyers.com

*Counsel for Plaintiff*

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested during the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic and hard-copy data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and and/or Class Members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority, if any, when deciding not to pay the overtime premium;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendants' compliance with the state laws and regulations; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff

and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.